Cristina C. Arguedas (CSB 87787)
Ted W. Cassman (CSB 98932)
Michael W. Anderson (CSB 232525)
ARGUEDAS, CASSMAN & HEADLEY LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone:   (510) 845-3000
Facsimile:    (510) 845-3003

*Attorneys for Movant Diego Borja*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of:<br><br>THE REPUBLIC OF ECUADOR,<br><br>       Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding Under 28 U.S.C. § 1782.<br>_____ | Case No.  10-MC-80225 CRB (EMC) |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT
OF MOTION TO QUASH**

**INTRODUCTION**

Borja files this supplemental reply memorandum to inform the Court of two recent developments. First, an Ecuadorian Judiciary Council has issued an order removing Judge Nuñez from the Provincial Court of Justice of Sucumbíos. Second, a district court in the Southern District of New York has issued an important opinion discussing evidence of collusion between the ROE and the Lago Agrio Plaintiffs, supporting Borja's claim that the ROE is actually seeking discovery for use in the Lago Agrio litigation.

As set forth in our Memorandum In Support, Judge Nuñez was presiding over the Lago Agrio litigation when Borja video-recorded two meetings with the judge and several political party officials in May and June of 2009. Borja Memo. at 4-8. In its pleadings, the ROE claimed that the videos did not demonstrate any wrongdoing by Judge Nuñez and that testimony and discovery from Borja were necessary in order to understand the significance of the video-recordings. ROE Memo. in Support of Application at 12; ROE Opp. Memo. at 2. The Ecuadorian Judiciary Council has found otherwise.

On October 27, 2010, the Judiciary Council of the Judicial Branch of Ecuador, consisting of nine Ecuadorian judges sitting *en banc*, issued an 11-page ruling removing Judge Nuñez from the Provincial Court of Justice of Sucumbíos. Ex A to Supplemental Anderson Declaration. Relying on the videos made by Borja, the expert report from Hugo Rekalde confirming the authenticity of the videos[1], and the statements of Judge Nuñez concerning the videos, the Council held:

[I]t is clearly found that Dr. Juan Núñez Sanabria, in his capacity as Presiding

---

[1] Rekalde's report was attached as Exhibit U to the Anderson Declaration in Support of Borja's Motion to Quash.

> Judge of the Provincial Court of Justice of Sucumbíos, violated the legal prohibition set forth in No. 11 of Art. 103 of the Organic Code of the Judicial Branch, established for all judicial servants, to wit: "11. *Expressing his opinion, even privately, or advancing it in the case that he is to hear*," in accordance with the provisions of No. 1 of Art. 128 *ibid.*, which stipulates, as a specific prohibition for judges, "1. Expressing an early opinion in a case that they may be judging or must judge"; thereby committing the "gross" violation described in No. 16 of Art. 109 of the cited Code, to wit: "*Disclosing information about investigative acts that, due to their nature, may illegitimately favor or injure one of the parties*."

Ex A at ¶ 7.3 (emphasis in original). On the basis of this evidence, the Council concluded:

> In this case, the evidence in the case file contributes sufficient elements that show that the party under investigation, Dr. Juan Núñez Sanabria, in his capacity as Presiding Judge of the Provincial Court of Justice of Sucumbíos, has violated the prohibitions set forth in Art. 103 No. 11 and Art. 128 No. 1 of the Organic Code of the Judicial Branch by expressing his early opinion in the case he was hearing and was obligated to judge, thereby also disclosing information about acts under investigation in that case, thereby committing the gross breach described and sanctioned by removal in No. 16 of Art. 109 of said body of law.

*Id.* at ¶ 9.2. Accordingly, the Council removed Judge Nuñez from his position as Judge of the Provincial Court of Justice Sucumbíos, and advised him of provisions of Art. 238 of the Criminal Code, imposing criminal penalties on any public official who continues to exercise his official duties after being removed from office. *Id.* at ¶ 10.2.

Again, we emphasize that the Judiciary Council reached its decision in the absence of any testimony from Borja. The fact that the Council found the videos adequate to establish Judge Nuñez's misconduct (and by logical extension, Chevron's Arbitration claims based on the videos) supports Borja's argument that the videos speak for themselves. Further testimony from Borja is unnecessary and irrelevant to those claims.

Finally, attached as Exhibit B is the opinion of the Honorable Lewis Kaplan in the

Southern District of New York, ruling on a Section 1782 application by Chevron seeking discovery in relation to the Lago Agrio litigation. Judge Kaplan's details the abundant evidence supporting claims of collusion between the ROE and the Lago Agrio Plaintiffs. As Borja argued in his Memorandum in Support, it appears the ROE is seeking discovery from him to provide to the Lago Agrio Plaintiffs, for use in the Lago Agrio litigation – not the BIT Arbitration. The evidence of collusion set forth in Judge Kaplan's opinion corroborates Borja's argument.

Dated: November 8, 2010               Respectfully submitted,

                                      ARGUEDAS, CASSMAN & HEADLEY LLP


                                      _____/s/_____
                                      Ted W. Cassman,
                                      Attorneys for Movant Diego Borja