Cristina C. Arguedas (CSB 87787)
Ted W. Cassman (CSB 98932)
Michael W. Anderson (CSB 232525)
ARGUEDAS, CASSMAN & HEADLEY LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone:    (510) 845-3000
Facsimile:     (510) 845-3003

*Attorneys for Movant Diego Borja*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of:<br><br>THE REPUBLIC OF ECUADOR,<br><br>            Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding Under 28 U.S.C. § 1782.<br>_____<br><br>In re Application of:<br><br>Daniel Carlos Lusitand Yaiguaje, et al.,<br><br>            Applicants,<br><br>For the Issuance of a Subpoena for the Taking of Depositions and the Production of Documents in a Foreign Proceeding Under 28 U.S.C. § 1782.<br>_____ | Case No. 10-MC-80225 CRB (EMC)<br><br><br><br><br><br><br><br><br>Case No. 10-MC-80324 CRB (EMC)<br>(Related case) |

**PROTECTIVE ORDER**

For good cause appearing, under Federal Rule of Civil Procedure 26(c)(1), **IT IS HEREBY ORDERED** that:

(1) All documents, materials, information, privilege logs, and deposition testimony ("Protected Materials") disclosed by Diego Borja and his counsel pursuant to this Court's order of December 1, 2010 shall be used by the Republic of Ecuador, the Procuraduría General del Estado, their agents, their counsel, and their counsel's agents (collectively, "Applicants") solely for the purposes of preparing for and conducting the Bilateral Investment Treaty arbitration entitled *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23, any appeals from judgments or awards in those proceedings, any actions under 28 U.S.C. § 1782 seeking discovery for use in those proceedings, and any other related civil actions in which Applicants are a party, have appeared, or have an interest (collectively, "BIT Litigation").

(2) Applicants shall disclose Protected Materials only to those persons or entities responsible for preparing for and conducting the BIT Litigation on behalf of Applicants, or to witnesses (and their counsel) who provide deposition or in-court testimony in the BIT Litigation. Furthermore, except as provided in Paragraph (3), Applicants shall not disclose any Protected Materials to the Fiscalía General del Estado or his agents (collectively, "FGE").

(3) Notwithstanding Paragraph (2), the provisions of this Order shall not be construed as preventing the disclosure of any Protected Materials to any court, tribunal, arbitrator or any agent of the foregoing for the purposes of conducting the BIT Litigation. Furthermore, this Order shall not be construed as preventing Applicants from disclosing Protected Materials if lawfully compelled to do so by a subpoena, court order, or

1

compulsory legal process.  If Applicants are lawfully compelled to disclose any Protected Materials, then they shall provide Borja and his counsel with reasonably advance notice of the Protected Materials to be disclosed, the name(s) of the person(s) or entities to whom they will be disclosed, and a copy of the subpoena, court order, or legal process document compelling the disclosure.

(4) Applicants shall not solicit the FGE to issue a subpoena or seek a court order, or otherwise invoke compulsory legal process, to obtain Protected Materials from Applicants.

(5) Within ninety days of the conclusion of the BIT Litigation, Applicants shall return all Protected Materials to counsel for Borja, or otherwise destroy them.

(6) Nothing in this Order shall restrict the use of documents or information obtained by a party from a source other than Diego Borja, his counsel or his counsel's agents.  To the extent the Protected Materials contain documents or information that are also publicly available, nothing in this Order shall restrict the use of such documents or information.

(7) Disclosure of Protected Materials to any person or entity shall be accompanied by notice of this Order.

(8) Any breach or violation of this Order may be punishable as contempt.  Furthermore, in the event the Court finds that Applicants have breached or violated this Order, Applicants shall immediately return to counsel for Borja all Protected Materials or otherwise destroy them.

///

///

///

///

2

(9)     This Order shall remain in effect until all Protected Materials in the possession, custody, or control of the Applicants are returned or destroyed. This Court retains exclusive jurisdiction to enforce this Order.

IT IS SO ORDERED.

Dated: February 25, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

3