# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>The Republic of Ecuador,<br><br>               Applicant,<br><br>For the Issuance of a Subpoena for the taking of a Deposition and the Production of Documents in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782<br><br>AND RELATED CASES | Case No. 3:10-MC-80225 CRB (NC)<br><br>**MINUTE ORDER RE: PROPOSED PROTOCOL FOR SECOND REVIEW OF DIEGO BORJA'S ELECTRONICALLY STORED DOCUMENTS**<br><br>Re: Docket Nos. 165-67, 172-174<br><br>Related Cases:<br><br>10-MC-80324 CRB<br>10-MC-80087 CRB<br>11-MC-80110 CRB |

      The Republic of Ecuador (the "Republic") and Diego Garcia Carrion moved to compel Diego Fernando Borja ("Borja") to produce for forensic analysis all electronic storage media he used from January 1, 2009 until January 31, 2011 (Dkt. No. 112). The District Court granted the motion on July 5, 2011 (Dkt. No. 164).

      The Court issues this interim order with the goal of entering a final protocol on September 28 after the parties have conferred further.

### 1. Computer Forensics Expert

Borja, Chevron, and the Republic shall further meet and confer and agree upon a third-party neutral computer forensics expert (the "Expert") to conduct the review and forensic analysis on or before September 28, 2011. In the event that the parties are unable to reach an agreement, the parties shall submit expert nominations at the Continued Discovery Hearing to be held at 9:00 a.m. on September 28, and the Court shall select the Expert.

### 2. "Mirror Image" of Documents

**(A) E-mail Accounts:** Borja shall provide the Expert access to all his online e-mail accounts including: (1) diegoborja@hotmail.com; (2) uioec@att.net; (3) uioec@hotmail.com; (4) diego.borja@ctceq.com; (5) uieoc@me.com; and (6) borjad@ctceq.com (collectively "Borja's Email Accounts"). Borja shall provide the Expert the password for each of the Email Accounts. As for the two e-mail accounts ending in "ctceq.com," Borja shall request from his previous employer access to these accounts for the time period from January 1, 2009 through January 31, 2011. Before the September 28 hearing, Borja shall inform the Republic and Chevron whether he is able to access those e-mail accounts.

**(B) Hardware Devices:** On or before October 14, Borja shall make available to the Expert EnCase-certified images from Blackbag Technologies, San Jose, California, and McCann of Borja's "MacBook Pro" and the "iPhone II," which are currently in Mr. Borja's possession, custody, or control. On or before October 14, Borja shall also make available to the Expert his "iMac" and "iPhone I." The Expert shall conduct data acquisition of information contained on the iMac and iPhone I within 7 days of receipt of the Computer Equipment. Borja shall additionally provide any technical information, including but not limited to the hash values and copies of the original images, associated with the mirror images originally taken by Borja's experts to verify that the hard drives have not been modified since the mirror images were taken by Borja's original analysts.

### 3. Search Terms

Before the September 28 hearing, Borja, Chevron, and the Republic shall further meet and confer and agree upon the search terms to be utilized in any searches of Borja's Computer

Equipment or E-mail Accounts. If the parties are unable to reach an agreement as to search terms, the parties shall submit suggested search terms to the Court at the September 28 hearing, and the Court shall select the search terms to be employed by the Expert.

**4. Responsiveness and Privilege Review**

Upon completion of the Expert's document acquisition, the Expert shall transfer any potentially responsive recovered documents to Borja's counsel for review. Borja's counsel will review the items contained therein to determine whether each item is (a) responsive to the Court's order on the Republic's motion to compel production, and/or (b) privileged. Within 7 days of receiving the potentially responsive recovered documents, Borja's counsel shall produce to Chevron any (1) responsive non-privileged items contained in the potentially responsive recovered documents, and (2) a privilege log of any such items as to which a privilege is asserted. If the Republic and/or Chevron disagree with Borja's designation of non-responsive documents, the parties will meet and confer to attempt to resolve their disagreements. If the parties are unable to agree, they shall submit the documents in question to the Court for *in camera* review.

**5. Privacy Redactions**

After receipt of the potentially responsive recovered documents from Borja's counsel, Chevron shall review the documents and redact private, sensitive, or confidential information of third parties, such as phone numbers, addresses, financial information. Chevron's counsel shall then submit the redacted documents to the Republic for review. At the request of the Republic, the Court will conduct an *in camera* review of any documents the Republic requests be unredacted.

**6. Costs**

The Republic shall pay all costs associated with the Expert review and analysis. The Republic reserves the right to dispute any costs unnecessarily incurred due to Borja's bad faith withholding of documents that should have been produced.

IT IS FURTHER ORDERED that the parties meet and confer to resolve any additional issues related to the proposed discovery protocol before September 28. Counsel for the Republic

3

shall e-file with the Court a joint proposed discovery protocol before the September 28 hearing.

IT IS SO ORDERED.

DATED: September 22, 2011

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 3:10-MC-80225 CRB (NC)
ORDER RE: PROPOSED DISCOVERY PROTOCOL