1  Cindy A. Cohn (SBN 145997)
   cindy@eff.org
2  Marcia Hofmann (SBN 250087)
   marcia@eff.org
3  Nathan D. Cardozo (SBN 259097)
   nate@eff.org
4  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
5  San Francisco, CA 94110
   Telephone: (415) 436-9333
6  Facsimile: (415) 436-9993
7
8  Marco Simons (SBN 237314)
   marco@earthrights.org
9  EARTHRIGHTS INTERNATIONAL
   1612 K Street NW, Suite 401
10 Washington, DC 20006
   Telephone: (202) 466-5188
11
12 Attorneys for Non-Party John Doe Movants

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  CHEVRON CORP., | Case No. CV-12-80237 MISC EJD |
| 16                        Plaintiff, | **MEMORANDUM IN OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 17       v. | |
| 18  STEVEN DONZIGER, *et al.* | |
| 19                        Defendants. | |
| 20 | |
| 21  *In re* Application of:<br>THE REPUBLIC OF ECUADOR, | Case No. CV 10-80225 MISC CRB |
| 22                        Applicant, | (And All Related Cases) |
| 23 | |
| 24  For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Pursuant to Civil Local Rules 3-12(e) and 7-11(b), Non-Party John Doe Movants hereby oppose the Administrative Motion to Consider Whether Cases Should be Related, filed by Chevron Corporation ("Chevron") in this Court on October 9, 2012. Chevron identified six actions filed under 28 U.S.C. § 1782, and two related motions to compel, and requests that the Court consider whether to relate case number CV-12-80237 MISC EJD ("Email Subpoena Action") to those eight prior actions (collectively "1782 Actions"). Under Local Rule 3-12(a)(1), a related action should "concern substantially the same parties, property, transaction or event. Here, because the 1782 Actions do not concern substantially the same parties or" event as the Email Subpoena Action, it seems unlikely that relating the cases will result in any judicial efficiency.

**BACKGROUND**

On October 5, 2012, Defendants Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC (collectively "Defendants") filed a Motion to Quash two third-party subpoenas issued by Chevron in connection with an action filed by Chevron in the Southern District of New York ("New York Action"). (Email Subpoena Action Dkt. Nos. 1-5). With its two subpoenas, Chevron seeks from Google, Inc. ("Google") and Yahoo!, Inc. ("Yahoo!") nine years' worth of identity and location information (in the form of IP logs) about 71 email addresses. These subpoenas, along with a third to Microsoft Corporation issued in the District Court for the Northern District of New York, demand information about 101 email addresses in total, belonging to both parties and non-parties to Chevron's New York Action.

As Chevron is aware, but neglected to inform this Court, many of the *non-parties* whose identifying and other private information it seeks ("Non-Party John Doe Movants") also intend to file a Motion to Quash its subpoenas. (*See* Administrative Motion to Enlarge Time for Non-Party John Does to Move to Quash Subpoenas to Google, Inc. and Yahoo!, Inc. Seeking Identity and Email Usage Information, filed October 12, 2012, Email Subpoena Action Dkt. Nos. 6-8).

**ARGUMENT**

Regardless of superficial similarities, significant factual and legal differences between the 1782 Actions and this case militate against their relation. This Court has found that even where

1

MEMO IN OPPOSITION TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

"two actions concern substantially the same transaction and events," relation is not proper where "the legal claims, named defendants, and procedural posture are different." *Hodges v. Akeena Solar, Inc.*, Nos. CV 09–02147 JW, CV 10–02735 JF, 2010 WL 2756536, *1 (N.D. Cal. July 9, 2010). Here, the majority of the individuals whose email addresses are listed in Chevron's subpoenas are not named defendants in Chevron's New York Action or in any of the 1782 Actions. As Chevron itself notes, the 1782 Actions all "involve discovery sought pursuant to 28 U.S.C. § 1782 *for use in the Lago Agrio* [environmental mass tort] litigation. . ." against Chevron. Administrative Motion at 2 (emphasis added). This action, consisting of Defendants' October 5, 2012 Motion to Quash, and Non-Party John Doe Movants' not-yet-filed Motion to Quash, arises from a pair of Rule 45 subpoenas issued in a RICO case that Chevron is pursuing primarily against Steven Donziger, an attorney for the Ecuadorian plaintiffs in the Lago Agrio litigation.

The Non-Party John Doe Movants' Motion to Quash will be decided primarily on constitutional grounds, as it will be grounded on the First Amendment rights to anonymity and association. Non-Party John Doe Movants are not party to the 1782 Actions or the New York Action. The 1782 Actions will be decided based on an entirely different legal standard and involve only a handful of the same litigants. The facts and procedural posture of the instant case (Chevron's Rule 45 subpoenas for email information regarding attorneys and activists) and those involved in the 1782 Actions (Section 1782 discovery regarding environmental contamination, remediation, and litigation in Ecuador) are not substantially similar. Therefore, these cases fail the first prong of Civil Local Rule 3-12(b).

Not only do these Motions to Quash arise from a different set of facts (and in fact a different underlying litigation) than the 1782 Actions, but there will be little or no judicial economy gained from its relation to those prior actions. Of these two prongs, "the second prong of the definition, which emphasizes judicial economy and risk of inconsistent results, is by far the more important of the two." *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06–0715–SC, 2012 WL 3757486, note 10 (N.D. Cal. July 5, 2012) (citing to *Rezner v. Bayerische Hypo–Und Vereinsbank AG,* No. C 06–02064 JW, 2009 WL 3458704, *1 (N.D. Cal. Oct. 23, 2009); *Carlyle Fortran Trust v. NVIDIA Corp.,* C 05–00427 JW, 2008 WL 4717467, *1 (N.D. Cal. Oct. 24, 2008)). Chevron

2

makes a bald assertion that this Court would be unduly burdened, duplicate labor, and incur expense if it decides these Motions to Quash apart from the 1782 Actions. Chevron ignores the fact that the cases arise from different underlying litigation, will be decided based on different legal standards, and involve different counsel and litigants. While it is possible that a judicial determination of the 1782 Actions requires a deep factual understanding of the Lago Agrio litigation, these isolated[1] Motions to Quash turn primarily on pure issues of constitutional law. Neither this Court nor the litigants, both parties and non-party movants, will be burdened if these cases proceed separately. Chevron has not suggested that there will be any possibility for consolidated briefing, hearing, or decision, and indeed there is no such possibility here.

## **CONCLUSION**

For the foregoing reasons, the Non-Party John Doe Movants respectfully request that this Court deny Chevron's Administrative Motion to Consider Whether Cases Should be Related.

DATED: October 12, 2012                    Respectfully submitted,

ELECTRONIC FRONTIER FOUNDATION


_/s/ Nathan Cardozo_____
Nathan D. Cardozo, Esq.
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

Counsel For Non-Party John Doe Movants

---

[1] Chevron notes that there were two additional actions in this District that the Court did not relate to the 1782 Actions because "they concerned unique facts and legal issues." Administrative Motion at note 1. These Motions to Quash concern facts and legal issues entirely distinct from the 1782 Actions.

3